### CITY OF AUSTIN v. S. E. EMANUEL.

#### No. 6366.

1. **Pleading—Exhibit—Items.**—In a suit for damages for goods, etc., destroyed, the petition showed "that plaintiff owned and had in his possession the goods, wares, and merchandise, and the household goods described in exhibit A, attached to and made a part of the petition." It was further alleged that the water destroyed "all the goods, wares, and merchandise, and household effects in said exhibit." The exhibit contained an item, "$269, money of Mrs. Fannie Emanuel." *Held:*
   1. The court did not err in admitting testimony to said item.
   2. While the testimony tended to show the money was community funds, still had it been the separate property of the wife the husband had the right to sue for it either alone or jointly with his wife.

2. **City Bridges.**—The mayor, the city engineer who superintended the building of a bridge within the city limits, and a member of the city council testifying that the bridge was built by the city, such testimony was sufficient to support a finding that the bridge was built by the city, without producing an ordinance authorizing the building.

3. **Negligence in the Construction of Bridge.**—A city is liable for damages of which the negligent and improper construction of a bridge built by it was the natural and proximate cause.

4. **Valuation of Goods.**—That the plaintiff testified to the retail value of goods for destruction of which he sues, and there is sufficient testimony to support the judgment without such testimony, its admission is no ground for reversal.

APPEAL from Travis. Tried below before Hon. A. S. Walker.

This was an action for damages instituted by appellee against the appellant in the District Court of Travis County on February 19, 1886.

The petition alleged that on the 22d of April, 1885, appellee occupied a house and lot in the northwest corner of block 118, at the intersection of Mesquite and Red River streets, in the city of Austin, as a residence and store house, and that on said day plaintiff owned and had in said house a stock of goods, wares, and merchandise, and certain household goods, fully described in exhibits attached to said petition, of the following value: Household and personal property, $881.50; stock of merchandise, $2024.96.

That prior to said 22d day of April the defendant, by and through its officers, agents, and employes, erected a stone bridge over Waller Creek where Mesquite Street crosses said creek, at a point from thirty to sixty feet from said store house; that Waller Creek was a natural stream flowing through the city of Austin in a channel between defined and actual banks; that the channel of said creek, before the erection of said bridge, afforded a sufficient outlet and drainage to carry off the water from appellee's premises, and all water that came down said channel; that the bridge placed over said creek by appellant was so negligently, unskillfully, and unscientifically constructed that it obstructed the natural flow of water in said creek in times of high water; that on the night of April 21, and on the 22d of April, 1885, there was a large rainfall, which increased the volume of water in said creek; that the increased volume of water flowed down the channel of said creek until it reached said bridge, when owing to the defective construction of the bridge said volume of water was obstructed, and a great portion thereof driven in violent currents against plaintiff's house, thereby destroying said house and its contents, to plaintiff's damage $2906.46.

Defendant answered September 21, 1886, as follows: 1. General demurrer. 2. General denial. 3. That said bridge was properly constructed, and in no way obstructed a free flow of water in said creek. 4. That the damage sustained by plaintiff was occasioned by the act of God, to-wit, by an almost unprecedented rainfall, and the presence of the bridge in no way contributed to the destruction of the house; that the overflow of the creek was general; that the water ran over the banks above as well as below the bridge. 5. That the creek at the point where plaintiff's house was situated had long been subject to overflow; that the house was built within the line of overflow, and that plaintiff well knew that said house was liable to overflow, wherefore he was guilty of contributory negligence.

A jury was waived, and on May 24, 1887, the court rendered judgment for plaintiff for $2500. The city appealed.

*Geo. F. Pendexter*, for appellant.— 1. The court erred in admitting,

over objections of defendant, the testimony of S. E. Emanuel and his wife, to the effect that there was $269 in money in plaintiff's house at the time it was washed away by the flood in Waller Creek. Dennison v. League, 16 Texas, 400; Thompson v. Thompson, 12 Texas, 327.

2. The court erred in finding as a fact that the bridge over Waller Creek was ordered to be built by the authorities of the city of Austin, there being no evidence before the court that the city council of the city of Austin had ever passed an ordinance authorizing or directing said bridge to be built. City of Clinton v. Stewart, 2 Am. and Eng. Corp. Cases, 511 *et seq.*

3. The defendant was not liable if it used ordinary care in the construction of the bridge, and if the bridge as constructed was sufficient to allow the discharge of all water flowing down the creek except during unusual floods and freshets, which could not have been reasonably anticipated. 2 Thomp. on Neg., 776; Sprague v. Worcester, 13 Gray, 193; Smith v. Mayor, 66 N. Y., 295; McClure v. Redwing, 28 Minn., 186; 2 Dill. on Mun. Corp., 728; Gould on Waters, 462; Madison v. Rass, 3 Ind., 236; Coldwater v. Tucker, 36 Mich., 474; Powers v. Council Bluffs, 59 Ia., 197.

4. The court erred in its fourth conclusion of law, which is as follows: "The bridge being in part the cause of the destruction of the house, the city is responsible," as the defendant would be responsible only in the event that its act was the proximate cause of the injury, and would not be responsible merely because its act was one of several concurring or contributing causes. Rider v. Fuller, 13 Hun, 670; Ryan v. Railway, 35 N. Y., 211; People v. Mayor, 5 Lans., 529; Terwilliger v. Wands, 17 N. Y., 57; Railway v. Ward, 16 Ill., 527; Morrison v. Davis, 20 Pa. St., 171; Rucker v. Athens, 54 Ga., 84.

5. The court erred in rendering judgment against the defendant because the evidence in the case shows that plaintiff's house was destroyed by the act of God, viz., a flood that could not have been reasonably foreseen or anticipated. 2 Am. and Eng. Corp. Cases, 925; Sprague v. Worcester, 13 Gray, 193; Smith v. Mayor, 66 N. Y., 295; Cumberland v. Willson, 50 Md., 158; McClure v. Redwing, 28 Minn., 186; Wilson v. New York, 1 Denio, 575; Mills v. Brooklyn, 32 N. Y., 489; White v. Yazoo, 27 Miss., 357; Lambeer v. St. Louis, 15 Mo., 610; Detroit v. Beckman, 54 Mich., 125; Delphi v. Evans, 36 Ind., 90.

*Rector, Moore & Thomson,* for appellee. — 1. As to money item. Texas Pl., sec. 9; 22 Texas, 428; 24 Texas, 291; 25 Texas, 352; Rev. Stats., art. 1204.

2. Liability of city for faulty construction of the bridge. Armendaiz v. Stillman, 3 S. W. Rep., 679; 2 Dill. on Mun. Corp., sec. 797; Mayor v. Thompson, 29 Ark., 569; Burton v. Chattanooga, 7 League, 739; The

Mayor v. Bailey, 2 Denio, 433; Powers v. City of Council Bluffs, 50 Ia., 197, 202; Sprague v. City of Worcester, 13 Gray, 195; Gould on Wat., sec. 260; Moak's Und. on Torts, pp., 467–71; Art. 6, sec. 1, subd. 9, Amended Charter of Austin in 1883; 2 Dill. on Mun. Corp., secs. 755, 766, 772, 778–80, 790, 797; Cool. on Torts, p. 585.

ACKER, PRESIDING JUDGE.—Appellee brought this suit against the city of Austin to recover damages for the destruction and loss of his household effects and personal property, including a stock of merchandise of the aggregate value of $2906.46. The property was destroyed by the water overflowing the banks of Waller Creek, and plaintiff alleged that the overflow and consequent destruction of his property were caused by the improper and negligent construction by defendant of a bridge over Waller Creek on Mesquite Street.

Defendant answered by general demurrer, general denial, and specially that the bridge was properly constructed, and that the damage was occasioned by the act of God.

The trial was without a jury, and resulted in judgment for plaintiff for two thousand and five hundred dollars.

On the trial plaintiff and his wife testified that two hundred and sixty-nine dollars in money in plaintiff's house was lost by the overflow at the time the goods and merchandise were destroyed. Defendant objected to this evidence upon the grounds that there was no allegation in the petition that the money was lost, and "because the petition alleged that all property lost by the flood for which the suit was brought was owned by S. E. Emanuel, whereas the evidence showed that the money was the separate property of the wife."

The objection was overruled, and this is assigned as error.

It was alleged in the petition that plaintiff owned and had in his possession in said house the goods, wares, and merchandise and household goods described in exhibit A, attached to and made a part of the petition. It was further alleged that the water destroyed all the goods, wares, and merchandise and houshould effects in said exhibit A mentioned. The exhibit contained an item "$269, money of Mrs. Fannie Emanuel."

There was no special exception, and we think the petition good on general demurrer. Defendant could not have been surprised by the evidence offered to prove the loss of the money, for it was plainly stated in the exhibit attached to the petition, which was expressly referred to as containing a list of property lost, the value of which was sued for. We think the court did not err in admitting the evidence of the loss of the money. Powers v. Caldwell, 25 Texas, 354.

As to the ownership of the money, plaintiff testified that it was taken from his business; that it was his money, but he put it in the list of property lost in his wife's name because he had put it aside for the purpose of

taking his wife and daughter to Virginia. From this it appears that the money was in fact the property of plaintiff. But if the evidence had shown conclusively that the money was the separate property of the wife, the husband had the right and it was his duty to sue for it, either alone or jointly with the wife. Rev. Stats., art. 1204. We think the court did not err in the ruling here complained of.

It is contended that the court erred in finding as a fact that the bridge was built by the city of Austin, there being no evidence that the city council ever passed an ordinance authorizing the bridge to be built.

The mayor, the city engineer who superintended the construction of the bridge, and a member of the city council all testified without objection that the bridge was built by the city. We think this quite sufficient to sustain the finding of the court.

Under the third and fourth assignments it is contended that the court erred in finding that the bridge was improperly constructed and was the proximate cause of the destruction of plaintiff's property.

These were questions of fact upon which there was some conflict in the testimony, but we think a very decided preponderance of the evidence supports the findings of the court.

The court's fourth conclusion of law is: "The bridge being in part the cause of destruction of the house, etc., the city is responsible." Under the fifth assignment it is insisted that the court erred in this conclusion because the defendant would be responsible only in the event that its act was the proximate cause of the injury, and would not be responsible because its act was one of several concurring causes.

The findings of fact that bear directly upon so much of this conclusion as is of law are the following:

"Ninth. The construction of the bridge in its dimensions of culvert, and in failing to have culvert receive the current at right angles was faulty, and the bridge operates as a dam in throwing back such of the current as can not pass, needlessly increasing the danger from freshets to the property on the banks of the creek.

"Tenth. The destruction of the goods of plaintiff was caused by the increased volume of water thrown upon the house by reason of the absence of means of passage obstructed by the bridge."

These conclusions of fact are sustained by abundant evidence adduced upon the trial. There was evidence tending to show that a rock building erected on the bank of the creek above the bridge projected a few feet into the channel, and to some extent obstructed the flow of water in the channel. This building was erected some time before the bridge was built, and notwithstanding as heavy rains had fallen and as great overflows occurred since its erection, no injury appears to have resulted therefrom to the building occupied by plaintiff until after the bridge was built.

Vol. LXXIV—40

TEXAS SUPREME COURT REPORTS.

It is probable that the court had in mind the rock building above the bridge and the effect it had upon the flow of water in the channel when he wrote the fourth conclusion of law, the first sentence of which is a conclusion of fact rather than law, which we think is controlled by the previous findings of fact to the effect that the improper and negligent construction of the bridge was the proximate cause of the destruction of plaintiff's property. If the court reaches a correct conclusion of law it is immaterial that an improper reason for the conclusion is given if the facts proved make a case that supports the conclusion of law.

We think the error complained of is not prejudicial to appellant and is not such as would justify reversal of the judgment. What we have said disposes of the sixth assignment, which is to the effect that the court erred in rendering the judgment, because the evidence shows that the property was destroyed by the act of God.

The seventh, eighth, and ninth assignments relate to the amount of the judgment, which it is contended is erroneous because the evidence does not sustain the finding of the court as to the value of the property destroyed, and because the court allowed plaintiff to recover the retail value of the merchandise. It appears that plaintiff testified to the retail value of the merchandise destroyed, which he placed at the aggregate sum of about twenty-one hundred dollars. There is nothing in the record, however, going to show that the court based its judgment on the value testified to by plaintiff. Several other witnesses placed the value of the stock of goods at from twelve to twenty hundred dollars. The evidence shows that other goods destroyed, including the $269 in money, were of the value of $871.75. It seems that there was sufficient evidence to sustain the finding of the court as to the amount of the damages without considering the testimony of plaintiff as to the value of the merchandise.

We find no error that we think would justify reversal of the judgment, and are therefore of opinion that it should be affirmed.

<em>Affirmed.</em>

Adopted October 29, 1889.